UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ANDRE PIERRE, § | |
| TDCJ # 01181284, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 3:17-CV-0259 |
| § | |
| ADENIKE OGINNI, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Andre Pierre, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), brings this lawsuit *pro se* complaining of inadequate medical care after he fell and injured his mouth. Defendant Edgar Baker has filed a motion to dismiss Pierre's claims against him (Dkt. 10), and Pierre has filed a response (Dkt. 12). The motion is ripe for decision. After reviewing the pleadings and briefing, the applicable law, and all matters of record, the Court concludes that Defendant Baker's motion to dismiss should be **GRANTED** for the reasons that follow.

**I. BACKGROUND**

Plaintiff brings this lawsuit against five Defendants at the Darrington Unit: Correctional Officer Adenike Oginni; Correctional Officer Smith (first name unknown); nurse Natalie Painge; Dr. Edgar Hulipas; and Warden Edgar Baker. Plaintiff seeks compensatory damages (Dkt. 1, at 4, 7). Only Defendants Baker and Hulipas have been

served.[1]

Plaintiff alleges that on February 10, 2016, at approximately 9:45 p.m., he "blacked out and fell face first onto the concrete floor" at the Darrington Unit (Dkt. 1, at 4). He states that the fall injured his mouth:

> When I came to, I was lying on the floor in a puddle of blood, surrounded by other inmates, who were telling me not to move, and yelling for help. One of my teeth was knocked out, another was hanging out, I had a hole through my lip, and the bones in the top bridge of my mouth were caved in. I was also bleeding profusely.

(*id.*). He states that he was treated by nurse Painge at the unit and was returned to his cell, then had to be rushed to Angleton Hospital the next morning (*id.* at 6-7). He alleges that Officers Oginni and Smith delayed their responses to his need for emergency medical care, that nurse Painge failed to provide adequate care and refused to call the doctor on call, and that Dr. Hulipas failed to properly train nurse Painge (*id.*).

Plaintiff sues Baker in both his official and individual capacities (Dkt. 12, at 4). He claims that Warden Baker, as the "head warden of Darrington unit," is "responsible for ensuring that his entire staff is properly trained to respond to medical emergencies" (Dkt. 1, at 7). He alleges that Baker failed to properly train his staff and, as a "direct result," Plaintiff was denied timely medical care when Oginni and Smith failed "to follow proper protocol for re[sp]onding to medical emergen[ci]es" (*id.*).

---

[1] Defendant Hulipas has filed a motion for summary judgment (Dkt. 17), which will be addressed in a separate opinion. Defendants Oginni, Smith, and Painge have not appeared. Counsel for Baker states that she has been unable to locate the other TDCJ defendants based on the information in Plaintiff's complaint (Dkt. 10, at 1 n.2).

Warden Baker has filed a motion to dismiss arguing that Plaintiff has failed to state a claim upon which relief can be granted and that he is entitled to qualified immunity (Dkt. 10). In response, Plaintiff argues that he "will show through the process of discovery" that Baker is liable for his failure to train his staff to respond to medical emergencies (Dkt. 12, at 3).

## II. STANDARDS OF REVIEW

### A. Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Regional Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quoting *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005)). A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction. *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013). The Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *In re Mirant Corp*, 675 F.3d 530, 533 (5th Cir. 2012).

### B. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) may be granted if the pleading "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion, courts generally must accept the factual allegations contained in the complaint as true. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). Federal pleading rules require "only 'a short and plain statement of the claim

showing that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting FED. R. CIV. P. 8(a)(2)). The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). The pleadings also must claim that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

### C. *Pro Se* Pleadings

In reviewing the pleadings and litigation history, the Court is mindful of the fact that Plaintiff is a TDCJ inmate proceeding *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard, a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

## III. ANALYSIS

### A. Official Immunity

A claim against a TDCJ official in his or her official capacity is a claim against TDCJ, and thus a claim against the State of Texas. *See Mayfield v. Tex. Dep't of Crim. Justice*, 529 F.3d 599, 604 (5th Cir. 2008). Because the Eleventh Amendment protects

the states' sovereign immunity, federal courts lack jurisdiction over suits against a state for money damages unless the state has waived its immunity or Congress has clearly abrogated that immunity. *NiGen Biotech, L.L.C., v. Paxton*, 804 F.3d 389, 393–94 (5th Cir. 2015); *Moore v. La. Bd. Of Elem. And Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014). Texas has not waived its Eleventh Amendment immunity, and Congress did not abrogate that immunity when enacting Section 1983. *NiGen*, 804 F.3d at 394.

Under the Eleventh Amendment, the state is immune from Plaintiff's claims for damages against Baker in his official capacity. The claims therefore will be dismissed for lack of jurisdiction.

### B. Qualified Immunity

As for Plaintiff's individual capacity claims, Baker has invoked qualified immunity. Plaintiff bears the burden to negate the defense. *See Hanks v. Rogers*, 853 F.3d 738, 744 (5th Cir. 2017). Determination of qualified immunity requires a bifurcated analysis: first, the court must decide "whether the undisputed facts and the disputed facts, accepting the plaintiffs' version of the disputed facts as true, constitute a violation of a constitutional right"; and second, the court must determine "whether the defendant's conduct was objectively reasonable in light of clearly established law." *Carroll v. Ellington*, 800 F.3d 154, 169 (5th Cir. 2015) (internal quotation marks and citation omitted); *see Thompson v. Mercer*, 762 F.3d 433, 437 (5th Cir. 2014). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 181 (5th Cir. 2016) (internal citation and quotation marks omitted). "If officers of reasonable competence could disagree as to

whether the plaintiff's rights were violated, the officer's qualified immunity remains intact." *Hanks*, 853 F.3d at 744 (internal citations and quotation marks omitted).

A reviewing court may address the two prongs of the qualified immunity analysis in any sequence, depending on the circumstances of the particular case at hand. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *Heaney v. Roberts*, 846 F.3d 795, 801 (5th Cir. 2017). Given the circumstances of this case, the Court proceeds to the analysis of Plaintiff's substantive claim.

### C. Failure to Train

Plaintiff alleges that Warden Baker is liable for his failure to "properly train" his "entire staff" to respond to medical emergencies (Dkt. 1, at 7). He claims that as a "direct result" of Baker's failure to train his staff, Oginni and Smith failed "to follow proper protocol for re[sp]onding to medical emergen[ci]es" and exhibited "deliberate indifference" to his medical need, in violation of his Eighth Amendment rights (*id.*).

To prevail on a failure-to-train claim under 42 U.S.C. § 1983,[2] Plaintiff must demonstrate that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference. *Goodman v. Harris Cty.*, 571 F.3d 388, 395 (5th Cir. 2009); *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F. 3d 375, 381 (5th Cir. 2005). "In order for liability to attach based on an inadequate training claim, a plaintiff must allege with

---

[2] Section 1983, 42 U.S.C. § 1983, provides a vehicle for a claim against a person "acting under color of state law," such as a state prison official, for a constitutional violation. *See Pratt*, 822 F.3d at 180.

specificity how a particular training program is defective." *Trammell v. Fruge*, 868 F.3d 332, 345 (5th Cir. 2017) (internal quotation marks and citation omitted). The plaintiff must "focus . . . on the adequacy of the training program in relation to the tasks the particular officers must perform." *Goodman*, 571 F.3d at 395 (internal citation and quotation marks omitted). Additionally, to show the failure to train amounted to deliberate indifference by the defendant, a plaintiff "usually must demonstrate a pattern of violations," rather than a single incident. *Id.* (internal citation and quotation marks omitted). The Fifth Circuit has rejected "attempts by plaintiffs to present evidence of isolated violations and ascribe those violations to a failure to train." *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 170 (5th Cir. 2010).

In this case, Plaintiff makes no allegations regarding the training program at issue, particular inadequacies in the officers' training, or Baker's specific involvement in the training. He therefore fails to adequately state a claim for relief as to the first element recited above. *See Trammell*, 868 F.3d at 345 (plaintiff "fails to identify any specific inadequacies in [the city's] training materials or procedures which give rise to his claim"); *Zarnow*, 614 F.3d at 170 (noting that the plaintiff's summary judgment briefing did not "reference any evidence concerning the procedures used to train the officers, the officers' qualifications, or direct references to the particular inadequacies of their Fourth Amendment training"); *Bryan v. City of Dallas*, 188 F. Supp. 3d 611, 621 (N.D. Tex. 2016) (dismissing a failure-to-train claim under Rule 12(b)(6) because the plaintiffs "neither identified a particular training program nor specified how such a program is deficient"). Moreover, as to the third element, Plaintiff makes no allegation of

"deliberate indifference" on the part of Baker, which would require a showing that Baker actually drew an inference of a "substantial risk of serious harm" to Plaintiff. *See Goodman*, 571 F.3d at 395.

Baker's motion to dismiss points out the deficiencies in Plaintiff's pleadings, and Plaintiff filed a response joining issue on the failure-to-train elements. Nevertheless, even in Plaintiff's response, he fails to allege any facts that could satisfy the elements of the claim. Instead, he states that he "will show through the process of discovery" that Baker is liable for his failure to train his staff (Dkt. 12, at 3).[3] He alleges no specific facts about a particular training program, its procedures, an alleged deficiency that caused the officers' behavior in Plaintiff's case, or any other supporting facts.

In order to survive a motion to dismiss, a complaint must contain not only legal conclusions, but sufficient factual allegations to state a claim for relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678. Even though Plaintiff proceeds *pro se*, his "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Id.* at 678 (citation omitted). Therefore, Baker's motion to dismiss the complaint against him is granted.

---

[3] *See also id.* at 5 ("Plaintiff will show through the process of discovery that Defendant Baker was personally involved in the violation of his Eighth Amendment right . . . by demonstrating a systematic failure to properly train staff in responding to medical emergencies").

## IV. CONCLUSION

For the reasons stated above the Court **ORDERS** that Defendant Baker's motion to dismiss (Dkt. 10) is **GRANTED**.

All of Plaintiff's claims against Defendant Baker are **DISMISSED with prejudice**.

SIGNED at Galveston, Texas, this 5th day of September, 2018.

George C. Hanks Jr.
United States District Judge